**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

MIDDLE DISTRICT OF GEORGIA

Case number *(if known)* _____ Chapter __11__

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Oconee Regional Health Ventures, Inc., dba Oconee Neurology Services** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **58-2528516** |

4. Debtor's address

**Principal place of business**

**821 North Cobb Street**
**Milledgeville, GA 31061**
Number, Street, City, State & ZIP Code

**Baldwin**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

5. Debtor's website (URL) _____

6. Type of debtor

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **Oconee Regional Health Ventures, Inc., dba Oconee Neurology Services**
         _____
         Name

Case number (*if known*) _____

**7. Describe debtor's business**

A. *Check one:*

- ■ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☐ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____5511____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ■ No.
- ☐ Yes.

| District | When | Case number |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

- ☐ No
- ■ Yes.

Debtor   **See Attachment**   Relationship _____

District _____   When _____   Case number, if known _____

Debtor  **Oconee Regional Health Ventures, Inc., dba Oconee Neurology Services**  Case number *(if known)* _____
_____
Name

---

**11. Why is the case filed in this district?**   *Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
    Number, Street, City, State & ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____
    Contact name _____
    Phone _____

---

### ■ Statistical and administrative information

**13. Debtor's estimation of available funds**   *Check one:*

- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ■ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor  Oconee Regional Health Ventures, Inc., dba Oconee
Neurology Services
   Name

Case number (if known) _____

---

| | Request for Relief, Declaration, and Signatures |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature
of authorized
representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/10/2017
     MM / DD / YYYY

X _____
Signature of authorized representative of debtor

Steven M. Johnson
Printed name

Title  **Authorized Signatory**

---

**18. Signature of attorney**

X _____
Signature of attorney for debtor

Date  05/10/2017
   MM / DD / YYYY

**Mark I. Duedall**
Printed name

**Bryan Cave LLP**
Firm name

**One Atlantic Center - 14th Floor
1201 W. Peachtree Street, NW
Atlanta, GA 30309-3471**
Number, Street, City, State & ZIP Code

Contact phone  **404-572-6600**  Email address  **mark.duedall@bryancave.com**

**231770**
Bar number and State

Debtor  **Oconee Regional Health Ventures, Inc., dba Oconee Neurology Services**                     Case number *(if known)* _____

Name

---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

MIDDLE DISTRICT OF GEORGIA

Case number *(if known)* _____   Chapter   **11**

☐ Check if this an amended filing

---

## FORM 201. VOLUNTARY PETITION

### Pending Bankruptcy Cases Attachment

| | | |
|---|---|---|
| Debtor  **Oconee Internal Medicine, LLC** | Relationship to you | **Subsidiary** |
| District  **Middle District of Georgia**   When _____ | Case number, if known | |
| Debtor  **Oconee Orthopedics, LLC** | Relationship to you | **Subsidiary** |
| District  **Middle District of Georgia**   When _____ | Case number, if known | |
| Debtor  **Oconee Regional Emergency Medical Services, Inc.** | Relationship to you | **Affiliate** |
| District  **Middle District of Georgia**   When _____ | Case number, if known | |
| Debtor  **Oconee Regional Health Services, Inc.** | Relationship to you | **Affiliate** |
| District  **Middle District of Georgia**   When _____ | Case number, if known | |
| Debtor  **Oconee Regional Health Systems, Inc.** | Relationship to you | **Parent** |
| District  **Middle District of Georgia**   When _____ | Case number, if known | |
| Debtor  **Oconee Regional Medical Center, Inc.** | Relationship to you | **Affiliate** |
| District  **Middle District of Georgia**   When _____ | Case number, if known | |
| Debtor  **Oconee Regional Senior Living, Inc.** | Relationship to you | **Affiliate** |
| District  **Middle District of Georgia**   When _____ | Case number, if known | |
| Debtor  **ORHV Sandersville Family Practice, LLC** | Relationship to you | **Subsidiary** |
| District  **Middle District of Georgia**   When _____ | Case number, if known | |

## OCONEE REGIONAL HEALTH VENTURES, INC.

RESOLVED, that OCONEE REGIONAL HEALTH VENTURES, INC., a Georgia for-profit corporation (the "Corporation"), operates, and is part of, in conjunction with its parent corporation, sister companies, subsidiaries and affiliates, including, without limitation, Oconee Regional Health Systems, Inc., a Georgia nonprofit corporation ("ORHS"), Oconee Regional Medical Center, Inc., a Georgia nonprofit corporation ("ORMC"), Oconee Regional Emergency Medical Services, Inc., a Georgia nonprofit corporation ("OREMS"), Oconee Regional Health Services, Inc., a Georgia nonprofit corporation ("Services"), Oconee Regional Senior Living, Inc., a Georgia nonprofit corporation ("Senior Living"), Oconee Internal Medicine, LLC, a Georgia limited liability company ("OIM"), Oconee Orthopedics, LLC, a Georgia limited liability company ("Orthopedics"), and ORHV Sandersville Family Practice, LLC, a Georgia limited liability company ("Sandersville" and together with the Corporation, ORHS, ORMC, OREMS, Services, Senior Living, OIM and Orthopedics, collectively, the "Oconee Affiliates"), a healthcare delivery system providing acute care and other healthcare services to patients in central Georgia (the "System"), which includes the operation of Oconee Regional Medical Center, a 140-bed acute care community hospital, with a 15-bed skilled nursing unit, located at 821 N. Cobb Street, Milledgeville, Georgia 31061 ("Oconee Regional"), which provides a wide range of inpatient and acute care services.

RESOLVED, FURTHER, that rural hospitals in Georgia are closing and suffering financial losses at historical rates due to various factors beyond their control, including, without limitation, payor reimbursement changes, declining patient volumes, increasing numbers of uninsured patients, payment cuts by government programs, and aging populations.

RESOLVED, FURTHER, that during the great recession, the Oconee Affiliates also began to experience a series of management and financial challenges, leading to the present circumstances facing the Oconee Affiliates.

RESOLVED, FURTHER, that, in an effort to address the weakening financial condition of the Oconee Affiliates, the Oconee Affiliates undertook extensive and tireless efforts to contain costs and resolve their financial issues, including, without limitation, attempting to obtain financing through various sources and engaging established hospital management companies and consultants to assist the Oconee Affiliates in connection with the management and operation of Oconee Regional, however all such efforts were ultimately unsuccessful due to circumstances beyond the Corporation's or the other Oconee Affiliates' control.

RESOLVED, FURTHER, that, based on the difficult financial circumstances facing the Oconee Affiliates, the Corporation's parent company, ORHS, engaged Houlihan Lokey Capital, Inc. ("Houlihan Lokey") and Grant Thornton LLP ("Grant Thornton" and together with Houlihan Lokey, the "Financial Experts") to assist management in analyzing the available choices and the best course of action to ensure healthcare services remain available to the community.

RESOLVED, FURTHER, that the members of the Board of Directors (the "Board") of the Corporation, with the assistance of the Financial Experts, thoroughly researched, reviewed

and considered all options available to the Corporation, including, without limitation, locating new capital or new financing, consummating various transactions (including a sale, partnership, affiliation or management agreement involving all or any combination of the Oconee Affiliates' operating assets), closing departments, discontinuing certain medical and healthcare-related services and programs, reducing the medical staff and workforce of the Oconee Affiliates, and effecting a stand-alone restructuring (with or without new capital).

RESOLVED, FURTHER, that the Board, in investigating the issues and making the decisions contemplated hereunder, made a conscious and diligent effort to exercise sound, reasonable and good faith judgment based upon all facts, circumstances and information available to the Board and which it believed to be in the best interests of the Corporation, without regard to any individual or personal bias, opinion or self-interest.

RESOLVED, FURTHER, that, based upon extensive discussions with potential buyers and strategic partners, the Financial Experts determined a sale of the System to be the only viable option, given the current debt obligations of the Corporation and the lack of available cost-cutting opportunities.

RESOLVED FURTHER, that the Financial Experts identified and recommended Prime Healthcare Foundation, Inc., a Delaware nonprofit corporation ("Prime"), as the best choice to purchase the System (the "Sale").

RESOLVED, FURTHER, that Prime is a financially stable network with a successful track record for improving the operations and financial performance of hospitals across the United States.

RESOLVED, FURTHER, that, following extensive negotiations and discussions with Prime, counsel and the Financial Experts, the Corporation proposes to sell and assign to Prime or its assigns or affiliates, substantially all the assets and certain specified liabilities of the System, as set forth in that certain Asset Purchase Agreement, effective May 10, 2017, by and among Prime, the Oconee Affiliates, the Baldwin County Hospital Authority, an authority organized under the Georgia Hospital Authorities Law (the "Baldwin Authority"), and certain other parties thereto, in substantially the form attached hereto at Exhibit A (the "Purchase Agreement").

RESOLVED, FURTHER, that, based on the present circumstances facing the Corporation, the current financial condition of the Corporation, and the data and information received by the Board from the Financial Experts and the Corporation's advisers, in the informed and good faith judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors, employees, the residents of Baldwin County, Georgia, and other interested parties, and supportive of the Corporation's mission to serve the health care needs and interests of the general public, that the Purchase Agreement be entered into and the transactions contemplated therein be consummated, subject to the Corporation or other Oconee Affiliates receiving higher or better offers through a court-supervised auction process pursuant to Section 363 of the Bankruptcy Code (as defined below).

RESOLVED, FURTHER, that, subject to the Corporation or other Oconee Affiliates receiving higher or better offers through a court-supervised auction process pursuant to Section 363 of the Bankruptcy Code, the Board unanimously authorizes, ratifies, consents to, approves and adopts the terms and provisions of the Purchase Agreement.

RESOLVED, FURTHER, that the Chairman of the Board, Dr. Prabhdeep Brar, Board member of the Corporation, Alan Horton, interim Chief Executive Officer of ORMC, Steven M. Johnson, and interim Chief Financial Officer of ORMC, Michael Vaughn (each, together with any other person so designated by the Board, an "Authorized Officer" and, collectively, the "Authorized Officers"), or their designees, be, and each of them hereby is, authorized and empowered, on behalf of the Corporation, to execute and deliver the Purchase Agreement, as well as any documents, certificates or instruments contemplated therein or relating thereto, including, but not limited to, the Bill(s) of Sale, Assignment and Assumption Agreement(s), Deed(s), Assignment and Assumption of Lease(s), Seller Closing Certificate(s), FIRPTA Certificate(s) and/or other documents required pursuant to, or related to, the Purchase Agreement (collectively, the "Ancillary Documents"), which he or she, in his or her discretion, may deem necessary or appropriate to consummate the transactions contemplated therein, and to cause the Corporation to perform its obligations thereunder, with such changes, additions or deletions as any Authorized Officer executing the same may deem necessary or appropriate.

RESOLVED, FURTHER, that each of the Authorized Officers, or their designees, be, and each of them hereby is, authorized and empowered, on behalf of the Corporation, to take any and all actions which he or she, in his or her discretion, may deem necessary or appropriate to effect the terms and provisions of the Purchase Agreement, the terms and provisions of the Ancillary Documents, and the resolutions contained or contemplated hereunder.

RESOLVED, FURTHER, that the Board diligently pursued potential sources of capital for the Corporation and other Oconee Affiliates and other means to avoid an insolvency transaction, but have determined that no such capital or other alternatives are forthcoming, whether on acceptable terms or conditions or not.

RESOLVED, FURTHER, that the Corporation's parent company, ORHS, has elected to file a petition and seek relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

RESOLVED, FURTHER, that, based on the present circumstances facing the Corporation, the current financial condition of the Corporation, and the data and information received by the Board from the Financial Experts and the Corporation's advisers, in the informed and good faith judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors, employees, the residents of Baldwin County, Georgia, and other interested parties, and supportive of the Corporation's mission to serve the health care needs and interests of the general public, that a petition (the "Petition") be filed by the Corporation seeking relief under the Bankruptcy Code.

RESOLVED, FURTHER, that the Authorized Officers, or their designees, are, and each of them is, hereby authorized and empowered on behalf of, and in the name of, the Corporation

to execute and verify or certify the Petition under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Middle District of Georgia (the "Bankruptcy Court"), at such time and in such form as said Authorized Officer may determine, such approval to be conclusively evidenced by the execution of the Petition.

RESOLVED, FURTHER, that in connection with the bankruptcy case and Chapter 11 filing, (i) the Board unanimously authorizes and approves the execution, delivery and performance of a debtor-in-possession financing agreement, in the form of an Indenture (the "Indenture") between US Bank National Association and certain other parties thereto, as well as various ancillary and related documents, substantially on the terms described to the Board and with such changes thereto as the Authorized Officer executing the same shall approve, and any other agreements, consents, certificates, amendments, assignments and instruments in connection therewith (collectively with the Indenture, the "Financing Documents"); and (ii) the Authorized Officers, or their designees, are, and each of them is, hereby authorized and empowered, in the name and on behalf of the Corporation, to negotiate, execute, deliver and perform, or cause the performance of, the Financing Documents, as such Authorized Officer executing the same considers necessary, appropriate, proper or desirable to effectuate the transactions contemplated by the purchase documents and other arrangements necessary, appropriate, proper or desirable in the interest of the Corporation in connection with the bankruptcy case or Chapter 11 filing, such determination to be conclusively evidenced by the taking of such action.

RESOLVED, FURTHER, that each of the Authorized Officers, or their designees, is hereby authorized to designate one or more additional persons to serve as an officer of the Corporation, and to designate a replacement for any of the Authorized Officers in the event they should resign or cease to serve as an officer of the Corporation for any reason, and any such person so designated by such Authorized Officer shall be deemed to be an "Authorized Officer" within the meaning contemplated hereunder for all purposes.

RESOLVED, FURTHER, that the law firm of Bryan Cave LLP, with an office currently located at 1201 W. Peachtree St. N.W., 14th Floor, Atlanta, Georgia 30309, be, and it hereby is, employed as general bankruptcy and restructuring counsel for the Corporation under a general retainer in connection with the prosecution of the Corporation's case under Chapter 11 of the Bankruptcy Code, and to pay to Bryan Cave LLP reasonable compensation for services rendered in connection with such engagement.

RESOLVED, FURTHER, that the law firm of James-Bates-Brannan-Groover-LLP, with an office currently located at 3399 Peachtree Rd. N.E., 17th Floor, Atlanta, Georgia 30326, which has acted as the Corporation's outside general counsel, and in that capacity has provided legal advice and representation to the Corporation in a number of areas, including, without limitation, healthcare, governmental compliance, labor and employment, corporate and tax law, be, and it hereby is, retained as special counsel for the Corporation in connection with the Chapter 11 case and any other matters deemed necessary by the Authorized Officers of the Corporation, and to pay to James-Bates-Brannan-Groover-LLP reasonable compensation for services rendered in connection with such engagement.

RESOLVED, FURTHER, that Houlihan Lokey be, and it hereby is, retained as investment banker for the Corporation in connection with the Chapter 11 case and the transactions contemplated thereby.

RESOLVED, FURTHER, that Grant Thornton be, and it hereby is, retained as financial advisor for the Corporation in connection with the Chapter 11 case and the transactions contemplated thereby.

RESOLVED, FURTHER, that each of the Authorized Officers, or their designees, be, and each of them hereby is, authorized and empowered to execute and file any and all petitions, schedules, motions, lists, applications, pleadings, papers and other documents, and to take any and all such other and further actions which the Authorized Officers or the Corporation's legal counsel may deem necessary or appropriate in connection with the Chapter 11 case or the sale of certain or all of the assets or the Corporation pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, including, without limitation, motions to obtain authority to use cash collateral or incur debt in possession financing; the assumption or rejection of executory contracts and unexpired leases; proposing one or more Chapter 11 plans; the sale or other disposition of all or a portion of the Corporation's assets, including with respect to the Sale; entering into new contracts, leases or other agreements; the prosecution of claims held by the Corporation and the defense of claims asserted against the Corporation, including the continuation of any litigation pending at the time of the Chapter 11 filing, and related appeals; the negotiation and consummation of settlements and compromises; and the performance of any and all further acts or deeds which the Authorized Officers, or their designees, deem necessary, proper, desirable or appropriate to effect the resolutions contained hereunder.

RESOLVED, FURTHER, that each of the Authorized Officers, or their designees, be, and each of them hereby is, authorized to cause the Corporation, and the Corporation is hereby authorized, to incur post-petition secured and super-priority indebtedness in an amount determined to be necessary or advisable by either such Authorized Officers, and each such Authorized Officer or designee is hereby authorized to negotiate, execute and deliver definitive loan documentation evidencing such indebtedness (the "Post-Petition Credit Agreement"), and the Corporation is authorized to perform all of the obligations and agreements of the "Borrower" thereunder (including the repayment of any amount owning thereunder) and to consummate the transactions contemplated thereby, and each such Authorized Officer or designee is hereby authorized to negotiate, make, sign, execute, acknowledge, deliver and perform any and all such other instruments and agreements which they deem necessary, proper, desirable or appropriate in connection therewith, including, without limitation, a security agreement and pledge agreement, in such forms and with such changes, modifications or additions thereto as the executing Authorized Officer or designee shall approve in his or her sole discretion, such approval to be conclusively evidenced by the execution of the Post-Petition Credit Agreement and such other instruments and agreements.

RESOLVED, FURTHER, that each Authorized Officer, or their designee, be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to engage and retain all assistance by claims and noticing agents, balloting agents, auctioneers, accountants, financial advisors, and other professionals in connection with the

Chapter 11 case, subject to any requisite court approval, with a view to the successful prosecution of such case or to effect the purposes and intent of the resolutions contained hereunder.

RESOLVED, FURTHER, that the Corporation be, and hereby is, authorized to pay all fees and expenses incurred by it or for its account in connection with the transactions approved in any or all of the resolutions contained hereunder, and all transactions related thereto, and each Authorized Officer, or their designee, be, and each of them hereby is, authorized, empowered and directed to make said payments as such Authorized Officer or designee may deem necessary, proper, desirable or appropriate, such payment to constitute conclusive evidence of such Authorized Officer's or designee's determination and approval of the necessity, appropriateness, desirability or advisability thereof.

RESOLVED, FURTHER, that the Corporation, acting by and through the Authorized Officers, be, and hereby is, authorized to execute resolutions and take such other actions as are necessary to evidence the consent and authorization of the Corporation to (i) the filing of a voluntary Chapter 11 petition by any corporation, limited liability company, partnership or other entity which is owned or controlled, directly or indirectly, by the Corporation, including, without limitation, Orthopedics, Sandersville and OIM; and (ii) the authorization of the officers or other designated persons of such corporation, limited liability company, partnership or other entity, or OREMS, to take such actions in connection with their Chapter 11 filings as are necessary and consistent with these resolutions.

RESOLVED, FURTHER, that, as the sole member of Sandersville, the Corporation hereby appoints Dr. Prabhdeep Brar as the sole manager of Sandersville, and Dr. Prabhdeep Brar shall have all rights and authority incidental to such position.

RESOLVED, FURTHER, that the Authorized Officers, or their designees, be, and each of them hereby is, in all respects, authorized, empowered and directed, in the name and on behalf of the Corporation, to take or cause to be taken all such further actions and to make, perform, sign, execute, acknowledge, certify, deliver, accept, record and file any and all agreements and documents listed herein and all such further certificates, affidavits, orders, statements, requests, instruments and documents as such Authorized Officer or designee deems necessary, desirable or advisable to fully carry out the intent of the resolutions contained hereunder, such determination to be conclusively evidenced by the taking of such action or the execution and delivery of any such further document, and to perform fully the terms and provisions thereof.

RESOLVED, FURTHER, that any person dealing with any Authorized Officer in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Officer and by his or her execution of any document or agreement, the same shall be a valid and binding obligation of the Corporation enforceable in accordance with its terms.

RESOLVED, FURTHER, that any and all acts of the Authorized Officers, directors or officers of the Corporation and of any person or persons designated and authorized to act by any Authorized Officer, director or officer of the Corporation, which acts would have been

authorized by the foregoing resolutions except that such acts were taken prior to the adoption of such resolutions, be and each such act hereby is ratified, confirmed and approved in all respects.

RESOLVED, FURTHER, that that the Corporation shall indemnify, defend and hold harmless, to the fullest extent permitted by the Bylaws or Articles of Incorporation of the Corporation (as amended) or the laws of the State of Georgia, each of the Authorized Officers, directors or officers of the Corporation with respect to any legal, equitable or administrative claim of any kind whatsoever against such Authorized Officer, director or officer in connection with, arising from or related to any actions taken by such Authorized Officer, director or officer in connection with the foregoing resolutions.

RESOLVED, FURTHER, that the Board, in adopting the resolutions contemplated hereunder, expressly waives any and all requirements or conditions provided for by, or contemplated in, the Bylaws of the Corporation, the Articles of Incorporation of the Corporation, the laws of the State of Georgia, or otherwise.

RESOLVED, FURTHER, that capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Purchase Agreement, except as otherwise indicated.

## EXHIBIT A

**ASSET PURCHASE AGREEMENT**

[*Attached*]

A copy of the Asset Purchase Agreement can be found at <u>Exhibit B</u> to the Motion for Orders Approving (I)(A) Bid Procedures, (B) Procedures and Notice Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Licenses and Leases, (C) Breakup Fee and Expense Reimbursement, and (D) the Debtors' Assumption of the Consulting Agreement with Prime Healthcare Management, Inc.; and (II)(A) Asset Purchase Agreement, (B) the Sale of Substantially all of the Debtors' Assets Outside the Ordinary Course of Business, Free and Clear of all Liens, Claims, Encumbrances, and Interests, (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Licenses and Leases, and (D) Waiver of the 14-Day Stay of Fed. R. Bankr. P. 6004(h) and 6006(d) in the Oconee Regional Health Systems, Inc.'s bankruptcy case.

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | Oconee Regional Health Ventures, Inc., dba Oconee Neurology Services |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF GEORGIA |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Alan Horton 4009 NE Jeffrey Way Milledgeville, GA 31061 | | Potential Rights of Indemnity | Contingent Unliquidated | | | $0.00 |
| CompuGroup Medical 3300 N. Central Avenue Suite 2100 Phoenix, AZ 85012 | | Trade Debt | | | | $405.49 |
| James A. Wilson, M.D. 425 North Cobb Street Milledgeville, GA 31061 | | Accrued Bonus and Retirement Income | | | | $29,644.90 |
| James Smith, M.D. 154 O'Connor Drive Milledgeville, GA 31061 | | Potential Rights of Indemnity | Contingent Unliquidated | | | $0.00 |
| Michael A. Vaughn 821 North Cobb Street Milledgeville, GA 31061 | | Potential Rights of Indemnity | Contingent Unliquidated | | | $0.00 |
| Mickey Couey Post Office Box 807 Milledgeville, GA 31059 | | Potential Rights of Indemnity | Contingent Unliquidated | | | $0.00 |
| Navicent Health, Inc. Attn: Kenneth B. Banks 691 Cherry Street Suite 700 Macon, GA 31201 | | Subordinate Secured Promissory Note and Settlement Agreement | | | | $161,111.36 |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Debtor    **Oconee Regional Health Ventures, Inc., dba Oconee**
**Neurology Services**                                        Case number *(if known)*
_____
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Navicent Health, Inc. Attn: Kenneth B. Banks 691 Cherry Street Suite 700 Macon, GA 31201 | | Subordinate Secured Promissory Note and Settlement Agreement | | | | $106,839.04 |
| Prabhdeep Brar, M.D. 157 Northwoods' Drive, NW Milledgeville, GA 31061 | | Potential Rights of Indemnity | Contingent Unliquidated | | | $0.00 |
| Steven M. Johnson 821 North Cobb Street Milledgeville, GA 31061 | | Potential Rights of Indemnity | Contingent Unliquidated | | | $0.00 |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

**United States Bankruptcy Court**
**Middle District of Georgia**

In re   Oconee Regional Health Ventures, Inc., dba Oconee Neurology Services    Case No. _____

Debtor(s)     Chapter   __11__ _____

# VERIFICATION OF CREDITOR MATRIX

I, the Authorized Signatory of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date: _05/10/2017_____

_____
Steven M. Johnson/Authorized Signatory
Signer/Title

Ace Hardware
1895 N Columbus Street
Milledgeville, GA 31061

Alan Horton
4009 NE Jeffrey Way
Milledgeville, GA 31061

AllTel
Attn: Frank O'Mara, CEO
1001 Technology Drive
Little Rock, AR 72223

Assistant U.S. Trustee
Middle District of Georgia
440 Martin Luther King, Jr. Boulevard
Suite 302
Macon, GA 31201

BB&T
2345 N. Columbia Street
Milledgeville, GA 31061

Bug House Pest Control
1511 N. Columbia Street
Milledgeville, GA 31061

Cadwell Laboratories, Inc.
909 N. Kellogg Street
Kennewick, WA 99336

Cardinal Health
88059 Expedite Way
Chicago, IL 60695

CareFusion 209
88059 Expedite Way
Chicago, IL 60695

Catherine Roberts, M.D.
641 W. Thomas Street
Milledgeville, GA 31061

Center for Medicare Medicaid Services
Kristen Dixon, Assoc. Regional Admin.
61 Forsyth Street
Suite 4T20
Atlanta, GA 30303-8909

Central Georgia Lawn & Design
Attn: Dwain Swanson
Post Office Box 1611
Milledgeville, GA 31059

Cintas Corporation Document Management
Attn: Scott D. Farmer, CEO
690 East Crescentville Road
Cincinnati, OH 45246

City of Milledgeville
119 E. Hancock Street
Milledgeville, GA 31061

CompHealth Associates, Inc.
7259 S. Bingham Junction Boulevard
Midvale, UT 84047

CompuGroup Medical
3300 N. Central Avenue
Suite 2100
Phoenix, AZ 85012

Credit Bureau Associates
145 Executive Parkway
Milledgeville, GA 31061

Darby Medical
4460 Holmes Road
Memphis, TN 38118

Delta Health Care
783 Old Hickory Boulevard
Suite 280
Brentwood, TN 37027

Dish Network
165 E Palatine Road
Palatine, IL 60067

Dixon Hughes Goodman LLP
Attn: Matt Snow, CEO
Suite 900
4350 Congress Street
Charlotte, NC 28209

Future Plans LLC
104 Water Bend Drive
Milledgeville, GA 31061

Gateway EDI
75 Remittance Drive
Suite 6649
Chicago, IL 60675

George Carpenter
148 West Hancock Street
Milledgeville, GA 31061

Georgia Department of Labor
149 Andrew Young International Blvd NE
Atlanta, GA 30303

Georgia Department of Revenue
1800 Century Boulevard NE
Atlanta, GA 30345

Georgia Dept. of Community Health
Attn: Tony McNeil, David Riddle
2 Peachtree Street
Atlanta, GA 30303-4507

Georgia Power Company
Attn: Paul Bowers, CEO
241 Ralph McGill Boulevard NE
Atlanta, GA 30308

Grimes Signs
157 Garrett Way
Suite A
Milledgeville, GA 31061

Heritage Printing
2353 River Ridge Road NE
Milledgeville, GA 31061

HMS, LLC
1000 Technology Drive
Suite 1310
Fairmont, WV 26554

Ian Hammel
Mintz Levin Cohn Ferris Glovsky Popeo
One Financial Center
Boston, MA 02111

IKON Financial Services
1738 Bass Road
Macon, GA 31210

Internal Revenue Service
Centralized Insolvency Operations
Post Office Box 7346
Philadelphia, PA 19101-7346

James A. Wilson, M.D.
425 North Cobb Street
Milledgeville, GA 31061

James Smith, M.D.
154 O'Connor Drive
Milledgeville, GA 31061

James-Bates-Brannan-Groover-LP
231 Riverside Drive
Macon, GA 31201

Med-Innovations Inc.
2817 Highway 212
Conyers, GA 30094

Medical Protective
23289 Network Place
Chicago, IL 60673

Michael A. Vaughn
821 North Cobb Street
Milledgeville, GA 31061

Mickey Couey
Post Office Box 807
Milledgeville, GA 31059

Middle Georgia Business Products
100 Hillcrest Parkway
Dublin, GA 31021

Milledgeville ObGyn
750 North Cobb Street
Milledgeville, GA 31061

Moore Medical LLC
1690 New Britain Avenue
Farmington, CT 06032

Morgan White Group
c/o BB&T Insurance Services Inc.
4951 Forsyth Road
Macon, GA 31210

Natus Neurology Inc.
3150 Pleasant Vie Road
Middleton, WI 53562

Navicent Health, Inc.
Attn: Kenneth B. Banks
691 Cherry Street
Suite 700
Macon, GA 31201

Noteworthy Medical Systems, Inc.
3300 N. Central Avenue
Suite 2100
Phoenix, AZ 85012

Office of Chief Counsel
Pension Benefit Guaranty Corporation
1200 K Street, NW
Washington, DC 20005-4026

OMS Technologies
2385 Wall Street
Suite 203
Conyers, GA 30013

Outdoor Creations
134 State Dairy Farm Road NW
Milledgeville, GA 31061

Patterson Office Supplies
27101 Network Place
Chicago, IL 60673

Pearce Administration
1945 W. Pametto Street
Florence, SC 29501

Pitirri Properties, LLC
477 Deepstep Road NE
Sandersville, GA 31082

Pitney Bowes
Attn: Marc B. Lautenbach, CEO
2777 Summer Street
Suite 204
Stamford, CT 06905

Pitney Bowes Global Financial
1 Elmcroft Road
Stamford, CT 06926

Prabhdeep Brar, M.D.
157 Northwoods'.Drive, NW
Milledgeville, GA 31061

Proinvest
Attn: Bill Harrington
100 Willow Way
Snellville, GA 30078

Purchase Power
2225 American Drive
Neenah, WI 54956

Randstad
1841 N. Columbia Street East
Milledgeville, GA 31061

Ricoh USA, Inc.
246 Peachtree Center Parkway, NE
Atlanta, GA 30303

Robert Lubin & Associates, PC
12021 Sunset Hill Road
Suite 100
Reston, VA 20190

Secure Health Plans of Georgia
577 Mulberry Street
Suite 1000
Macon, GA 31201

Southern Safety Supply Company
2135 Broadway
Eatonton, GA 31026

Staff Care
5001 Statesman Drive
Irving, TX 75063

State Farm Insurance
110 Executive Parkway
Milledgeville, GA 31061

State of Georgia
Department of Community Health
502 South 7th Street
Cordele, GA 31015

Steven M. Johnson
821 North Cobb Street
Milledgeville, GA 31061

Terminix Processing Center
Post Office 742592
Cincinnati, OH 45274

The Doctors Company
185 Greenwood Road
Napa, CA 94558

The Doctors Company c/o McNeary, Inc.
6525 Morrison Boulevard
Suite 200
Charlotte, NC 28211

The Medical Protective Company
23289 Network Place
Chicago, IL 60673

The Print Shop
943 North Columbia Street
Milledgeville, GA 31061

U.S. Bank National Association
214 North Tryon Street
27th Floor
Charlotte, NC 28202

U.S. Securities & Exchange Commission
Office of Reorganization
950 East Paces Ferry Road, NE
Suite 900
Atlanta, GA 30326-1382

United States Attorney
Post Office Box 1702
Macon, GA 31202-1702

Verliance, Inc.
43525 Ridge Park Drive
Suite 300
Temecula, CA 92590

Versaform
591 West Hamilton Avenue
Suite 230
Campbell, CA 95008

Viasys Neurocare
88059 Expediate Way
Chicago, IL 60695

Walmart
Attn: C. Douglas McMillon, CEP
702 Southwest
Bentonville, AR 72716

Weatherby Locums, Inc.
6451 N. Federal Highway 800
Fort Lauderdale, FL 33308

Willis Reid Roberts, Jr., M.D.
641 W. Thomas Street
Milledgeville, GA 31061

Windstream Corporation
Attn: Tony Thomas, CEO
4001 Rodney Parham Road
Little Rock, AR 72212

# United States Bankruptcy Court
## Middle District of Georgia

In re   <u>Oconee Regional Health Ventures, Inc., dba Oconee Neurology Services</u>    Case No. _____
Debtor(s)    Chapter   <u>11</u>

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| Oconee Regional Health Systems, Inc.<br>821 North Cobb Street<br>Milledgeville, GA 31061 | | 100% | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

    I, the **Authorized Signatory** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   <u>05/10/2017</u>      Signature   _____
Steven M. Johnson

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

In re:                                    )
                                          )        Chapter 11
OCONEE REGIONAL HEALTH                    )
VENTURES, INC., dba OCONEE                )        Case No.
NEUROLOGY SERVICES,                       )
                                          )
              Debtor.                     )
_____ )

## CORPORATE OWNERSHIP STATEMENT

**COMES NOW** Oconee Regional Healthcare Foundation, Inc. (the **"Debtor"**) and

pursuant to Fed. R. Bankr. P. 1007(a)(1) and 7007.1 and lists below all entities that directly or

indirectly own 10% or more of any class of the corporation's equity interest:

| **OWNER** | **PERCENTAGE OF SHARES** |
|---|---|
| Oconee Regional Health Systems, Inc. | 100% |

The Debtor declares under penalty of perjury that this Corporate Ownership Statement is

true and correct.

Dated  05/10/2017

OCONEE REGIONAL HEALTH
VENTURES, INC., dba OCONEE
NEUROLOGY SERVICES

Steven M. Johnson
Authorized Signatory
821 North Cobb Street
Milledgeville, Georgia, 31061
Telephone:(478) 454-3500
Facsimile: (478) 454-3555
Email:    sjohnson@ormcinc.org

6677085