**THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MIDDLE GEORGIA DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | **CASE NO. 17-51009-AEC** |
| OCONEE REGIONAL ) | |
| HEALTH VENTURES, INC. (ORHV) ) | |
| Debtor, ) | **CHAPTER 11** |

_____

| | |
|---|---|
| WILLIAM MOSLEY ) | |
| Movant, ) | |
| ) | |
| vs. ) | **CONTESTED MATTER** |
| ) | |
| OCONEE REGIONAL HEALTH ) | |
| HEALTH VENTURES, INC. ) | |
| (ORHV), Debtor ) | |
| CLIFFORD ZUCKER, Trustee ) | |
| Respondents. ) | |
| _____) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND WAIVER OF 30-DAY REQUIREMENT OF §362(e)

WILLIAM MOSLEY ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to a medical malpractice lawsuit involving the Debtor, filed in the Baldwin County Superior Court, 2019-SU-CV-49149 William Mosley v. James Extine and Oconee Regional Health Ventures, Inc. (the "Respondents"), for all purposes allowed by law, including but not limited to the right to pursue a tort claim against the Respondents. In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 11 of the United States Bankruptcy Code was filed with respect to the Debtor, Oconee Regional Health Ventures, Inc. (the "Debtor") on May 11, 2017.

2. As of the filing of this Motion for Relief from Automatic Stay, Chapter 11 Plan has not been confirmed.

3. The Debtor, ORHV, has contractually and civil duties with respect to the Movants personal injury in excess of $100,000.00. A copy of the Amended Complaint is attached hereto as Exhibit "A." Movant is an entity entitled to proceed in the civil malpractice lawsuit against Debtor.

4. Debtor did not propose in the Chapter 11 plan to make payments directly to Movant or through the plan.

5. If the stay is not lifted the Movant s requested herein the Movant will suffer irreparable injury, loss, and damage.

6. As a condition of the relief requested, Movant agrees to limit his recovery efforts against Debtor to any and all insurance policies in place, including funds available for indemnity of the Debtor provided by primary and excess coverage. Movant waives any further claims against the estate. To the extent that Movant obtains a judgment in excess of the amount available under the above referenced insurance policies, any such claim shall be waived against the Debtors' bankruptcy estate.

7. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $3,000.00 in legal fees and costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable Bankruptcy Code and otherwise applicable law.

**ARGUMENTS AND AUTHORITIES**

8. By this Motion, Movant seeks authority from this Court under 11 U.S.C. § 362, to proceed with the State Court Action and to prosecute Movant's prospective claims in order to liquidate Movant's claims against the Debtor and to collect any judgment obtained against the Debtor's insurance carrier(s).

9. As a general rule, the filing of a bankruptcy petition operates to stay litigation involving pre-petition claims against the debtor. See 11 U.S.C. § 362(a)(1). As such, the Baldwin County Superior Court Action as it pertains to the Debtor has been stayed pending a ruling on this Motion.

10. The automatic stay can be lifted, however, if an interested party shows "cause". See 11 U.S.C § 362(d)(l). Cause is a flexible concept and courts often conduct a case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay. In re SCO Group, Inc., 395 B.R. 852, 856 (Bankr. D. Del. 2007). The bankruptcy courts have given meaning to the term "cause" based on a three-prong test for determining whether a stay should be lifted. The three factors are:

a. Whether any great prejudice to either the bankruptcy estate or the debtor will result in prosecution of the lawsuit;

b. Whether the hardship to the non-debtor party by the continuation of the automatic stay outweighs the hardship of the debtor; and

c. Whether the creditor has probability of success on the merits of his/her case.

In re Rexene Prods. Co., 141 B.R, 574, 576 (Bankr. D. Del. 1992); see also American Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.), 152 B.R. 420, 424 (D. Del. 1993); Levitz Furniture Inc. v. T. Rowe Price Recovery Fund, L.P. (In re Levitz Furniture Inc.), 2000 Bankr. LEXIS 1322, *15 (Bankr. D. Del. 2000); Save Power Limited v. Pursuit Athletic Footwear, Inc. (In re Pursuit Athletic Footwear, Inc.), 193 B.R. 713, 718 (Bankr. D. Del. 1996).

11. " It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." Rexene Prods., 141 B.R. at 576 (quoting H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 342-344(1977).

**A. A lift of stay would not prejudice the Debtor or the Estate.**

12. Courts have routinely found that good cause exists for lifting an automatic stay as to litigation against a debtor which has insurance coverage to cover a judgment rendered in the underlying lawsuit. Courts have come to this conclusion based upon the rationale that the litigation against the debtor has no connection and would not interfere with the pending bankruptcy case. See Foust v. Munson S.S. lines, 299 U.S. 77, 87-88, 57 Ct. 90, 81 L.Ed 49 (1936) (Supreme Court concluded that the "bankruptcy injunction" should have been lifted to permit wrongful death suit to go forward since the claimant was only interested in establishing liability under insurance policy and because the reorganization proceeding would not be adversely affected); Matter of Fernstrom Storage and Van Co., 938 F,2d at 736 (court affirmed bankruptcy court's decision to lift stay to permit action to proceed in another forum reasoning that the "debtors [. . .] suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties or guarantors"); Holtkamp v. Littlefield, 699 F.2d 505, 508 (7th Cir. 1982) (stay lifted to allow civil action to go forward since bankruptcy estate was not jeopardized, as insurer assumed full financial responsibility for defending litigation); In re Robertson, 244 B.R. 880 (B.R. N.D. Ga. 2000) (court lifted stay on state

court tort claim involving a motor vehicle accident where the debtor was insured by State Farm Insurance).

13. Here, as a condition of the relief requested, Movant agrees to limit his recovery efforts against Debtor to any and all insurance policies in place, including funds available for indemnity of the Debtor provided by primary and excess coverage. Movant waives any further claims against the estate. To the extent that Movant obtains a judgment in excess of the amount available under the above referenced insurance policies, any such claim shall be waived against the Debtor's bankruptcy estate.

14. Movant asks that the Court lift the automatic stay to permit the continuation of the State Court Action because no prejudice to either the Debtor or the bankruptcy estate would result from the aforementioned request.

**B. The hardship to Movant outweighs any hardship to Debtor.**

15. In deciding whether or not Movant will be prejudiced if not allowed to litigate his state court tort actions, the Court cannot ignore the simple economics of the situation. See In re Roberston, 244 B.R. at 883. Here, Movant seeks a money judgment because they have suffered harm as a direct result of Debtor's negligent acts and/or omissions. Debtor paid premiums to its insurers for liability coverage and excess liability coverage. To the extent that Movant obtains a judgment, they will look solely to the Debtor's insurers to satisfy it. See Id.

16. Furthermore, Movant has is preparing for trial and will be burdened by further delay. Significant time and resources have been spent and "without a ruling on liability, [Movant's] rights in these bankruptcy cases remain undetermined and the value of [Movant's] claim will remain a troubling issue for the Court." In re SCO Group, 395 B.R. at 859.

17. Unlike Movant, whose claims will be greatly prejudiced if not completely emasculated if the stay is not lifted, Debtor is not faced with any financial burden as a result of the accident. Thus, the only party that stands to benefit financially if the stay is not lifted is Debtor's insurers. Finally, Debtor cannot file a complete plan of reorganization until they know what liability they have to Movant. See Id. at 859. As such, Debtor will be assisted by a resolution of the claims against it in the State Court Action, not burdened.

18. The Court should lift the automatic stay with respect to Movant's underlying lawsuit as the hardship to Movant outweighs any hardship claimed by the Debtor and doing otherwise would deny Movant the opportunity to timely litigate his claim.

**C. Movant is likely to prevail in State Court Action.**

19. In Movant's underlying State Court Action, the question of liability strongly favors Movant. The Debtor's negligent actions, or lack of inaction, and/or omissions proximately caused the injurie to Movant. While Debtor has contested liability and the extent of Movant's damages, the evidence weighs heavily in favor of the Movant with respect to all elements of his claims.

20. The Court should lift the automatic stay with respect to Movant's underlying lawsuit as Movant is likely to prevail in state court. Notably, "only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where, as here, we believe that the decision-making process should be relegated to bodies other than this court." Id. (quoting Fonseca v. Philadelphia Housing Authority (In re Fonseca), 110 B.R. 191, 196 (B.R. E.D. Pa. 1990)). The existence of fact issues in Movant's underlying State Court Action does not preclude relief for the bankruptcy stay.

21. Cause exists to lift the automatic stay allowing the Movant to continue with his State Court Action since discovery is in progress and all issues are based entirely on state law.

**RELIEF REQUESTED**

22. No prior request for the relief sought herein has been made to this or any other court. Movant respectfully prays for the Court to enter an order modifying or terminating the automatic stay to:

(a) permit the Movant to proceed to final judgment in the State Court Action styled <u>William Mosley v. James Extine and Oconee Regional Health Ventures, Inc.</u>, Case No; 2019-SU-CV-49149 currently pending in Baldwin County Superior Court, State of Georgia;

(b) to allow the Movant to execute, levy, and collect upon such final judgment as may be obtained by Movant in the State Court Action to the extent of all available and unimpaired primary and excess insurance policy limits; and

(c) That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

(d) That the 30-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

(e) That upon entry of an order granting relief from stay, Movant be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy case; and

(f) for any and all other such relief to which the Court finds Movant justly entitled.

Respectfully submitted this 18th day of <u>November, 2020</u>.

/s/ Hoganne A. Harrison-Walton
Hoganne A. Harrison-Walton
Georgia Bar No: 940440
Attorney for William Mosley, Movant

The Hogan Law Firm, LLC
P.O. Box 1547
Milledgeville, GA 31059
(478) 452-3030
(478) 217-7578 (facsimile)
thehoganlawfirm@gmail.com

# EXHIBIT "A"

**Amended Complaint for Damages in the**

**Baldwin County Superior Court,**

**William Mosley v. James Extine and Oconee Regional Health Ventures, Inc.,**

**Case No.: 2019-SU-CV-49149**

## THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## MIDDLE GEORGIA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | **CASE NO. 17-51009-AEC** |
| OCONEE REGIONAL ) | |
| HEALTH VENTURES, INC. (ORHV) ) | |
| Debtor, ) | **CHAPTER 11** |

_____

| | |
|---|---|
| WILLIAM MOSLEY ) | |
| Movant, ) | |
| ) | |
| vs. ) | **CONTESTED MATTER** |
| ) | |
| OCONEE REGIONAL HEALTH ) | |
| HEALTH VENTURES, INC. ) | |
| (ORHV), Debtor ) | |
| CLIFFORD ZUCKER, Trustee ) | |
| Respondents. ) | |
| _____) | |

## **CERTIFICATE OF SERVICE**

I, Hoganne Harrison-Walton, hereby certify that on 27th day of October, 2020, I did cause to be served true and correct copies of the foregoing MOTION OF WILLIAM MOSLEY FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C § 362(d) AND OF WAIVER OF 30-DAY REQUIREMENT OF §362(e) and NOTICE OF ASSIGNMENT OF HEARING has been served by First Class Mail, postage pre-paid, upon the following parties in interest on the 18th day of November, 2020:

**Mark I. Duedall**
Bryan Cave LLP
1201 West Peachtree Street
14th Floor
One Atlantic Center
Atlanta, GA 30309


**Robert G. Fenimore**
Office of U.S. Trustee
440 Martin Luther King Jr. Boulevard
Suite 302
Macon, GA 31201

**Elizabeth A. Hardy**
Office of U.S. Trustee
440 Martin Luther King Jr. Blvd
Suite 302
Macon, GA 31201

**Leah Fiorenza McNeill**
Bryan Cave, LLP
1201 W. Peachtree Street, NW
14th Floor
One Atlantic Center
Atlanta, GA 30309-3471

**John D. Elrod**
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305

/s/ Hoganne A. Harrison-Walton
Hoganne A. Harrison-Walton
Georgia Bar No: 940440
Attorney for William Mosley, Movant

The Hogan Law Firm, LLC
P.O. Box 1547
Milledgeville, GA 31059
(478) 452-3030
(478) 217-7578 (facsimile)
thehoganlawfirm@gmail.com

## THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## MIDDLE GEORGIA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **CASE NO. 17-51009-AEC** |
| **OCONEE REGIONAL** | ) | |
| **HEALTH VENTURES, INC. (ORHV)** | ) | |
| Debtor, | ) | **CHAPTER 11** |

_____

| | | |
|---|---|---|
| **WILLIAM MOSLEY** | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | **CONTESTED MATTER** |
| | ) | |
| **OCONEE REGIONAL HEALTH** | ) | |
| **HEALTH VENTURES, INC.** | ) | |
| **(ORHV), Debtor** | ) | |
| **CLIFFORD ZUCKER, Trustee** | ) | |
| Respondents. | ) | |
| _____ | ) | |

### NOTICE WILLIAM MOSLEY
### FOR RELIEF FROM THE AUTOMATIC STAY
### PURSUANT TO 11 U.S.C. § 362(d)

TO: THE PARTIES ON THE ATTACHED SERVICE LIST:

      WILLIAM MOSLEY ("Movant") has filed a Motion for Relief from the Automatic Stay which seeks, *inter alia* the following relief: to proceed with a lawsuit against debtor in order to recover insurance proceeds.

A HEARING ON THE MOTION WILL BE HELD ON DECEMBER 15, 2020 AT 10:00 A.M. AT THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF GEORGIA, 433 CHERRY STREET, COURTROOM B, MACON, GEORGIA 31201.

If you find it to be necessary, you are required to file a response (and the supporting documentation required by Local Rule 4001-1(e)) to the attached motion at least seven days before the above hearing date. At the same time, you must also serve a copy of the response upon Movants' counsel at the addresses listed below.

**ANY RESPONSE MUST BE FILED AND SERVED TOGETHER WITH A CERTIFICATE OF SERVICE ON OR BEFORE DECEMBER 8, 2020 AT 4:00 P.M. FAILURE TO TIMELY FILE AND SERVE A RESPONSE WILL RESULT IN AN ORDER GRANTING THE RELIEF REQUESTED IN THE MOTION.**

The hearing date specified above may be a preliminary hearing or may be consolidated with the final hearing, as determined by the Court. The attorneys for the parties shall confer with respect to the issues raised by the motion in advance for the purpose of determining whether a consent judgment may be entered and/or for the purpose of stipulating to relevant facts such as value of the property, and the extent and validity of any security instrument.